# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                   Tel: 718-740-1000
Email: abdul@abdulhassan.com                                            Fax: 718-740-2000
*Employment and Labor Lawyer*                                    Web: www.abdulhassan.com

June 21, 2018

**Via ECF**

Hon. Richard J. Sullivan, USDJ
United States District Court, SDNY
40 Foley Square, Courtroom: 905
New York, NY 10007
Tel: 212-805-0264

<u>**Re: Igor Agaronov v. KDG Contracting Corp**</u>
    Case No.  18-cv-00129 (RJS)(DCF)
    Motion for Settlement Approval

Dear Judge Sullivan:

My firm represents plaintiff Igor Agaronov ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement of this action as per Your Honor's June 8, 2018 order which states as follows:

> ORDER: Accordingly, IT IS HEREBY ORDERED THAT by June 21, 2018, the parties shall (1) provide the Court a copy of the settlement agreement and (2) submit a joint letter to the Court explaining why the settlement is fair, applying the criteria set forth in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-37 (S.D.N.Y. 2012). As Judge Furman noted in Wolinsky, "[t]he ultimate question is whether the proposed settlement reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. at 335 (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-cv-4925 (NGG), 2011 WL 282327, at *1(E.D.N.Y. Jan. 25, 2011); Martinez v. Ragtime Foods of New York, Inc., No. 11-cv-1483 (JG)(CLP), 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011)); and as further set forth herein. IT IS FURTHER ORDERED THAT the parties, including Plaintiff personally, shall appear on Thursday, June 28, 2018 at 10:30 a.m. for a fairness hearing. Defendants are welcome, but not obligated, to attend. If Plaintiff does not speak English, Plaintiff must provide his own interpreter. IT IS FURTHER ORDERED THAT, as the parties requested in their June 8, 2018 joint letter (Doc. No. 23), all

other pending deadlines and appearance in this case are adjourned sine die. SO ORDERED. (Fairness Hearing set for 6/28/2018 at 10:30 AM before Judge Richard J. Sullivan.) (Signed by Judge Richard J. Sullivan on 6/8/2018) (anc)

Defendant K D G Contractor Corporation ("Defendant"), and Plaintiff both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement executed by Plaintiff – a fully executed copy will be submitted after Defendant formally signs, which we expect to be shortly.

As directed by the Court in its June 8, 2018 order, we will address the factors for approval set forth in *Wolinsky v. Scholastic Inc.* 900 F.Supp.2d 332, 335 -336 (S.D.N.Y.,2012). In this regard, the court in *Wolinsky*, 900 F.Supp.2d at 335, stated as follows:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

These factors are satisfied, and the settlement is fair and reasonable as more fully set forth below.

### 1. Plaintiff's Recovery

We are not able to determine with reasonable certainty the range of Plaintiff's recovery, without more information and certain rulings by the Court such as on the independent contractor issue. It is Defendant's position that Plaintiff was an independent contractor, and therefore not entitled to overtime pay - even though Plaintiff has a different position on these issues.

Based on Plaintiff's allegations, Plaintiff believes he is owed unpaid overtime wages of approximately $7.00/hr x 12.5hrs/wk x 36wks = $3,024. Plaintiff may also be able to recover liquidated damages. Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and these claims are not covered by the FLSA.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. In this regard, Defendant's records purport to show about $971.25 in unpaid overtime if Plaintiff was found to be an employee. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input during the settlement discussions held with Magistrate-Judge Freeman.

The gross settlement amount of $13,750 was the product of a settlement recommendation by the Court which was accepted by the parties. Under the settlement, Plaintiff is due to receive $8,822 after a 1/3 contingency fee of $4, 410 and costs of $518.

### 2. Avoidance of Burdens and Expenses

A very significant factor in the settlement outcome was the avoidance of litigation burdens and expenses. Continued litigation of the case will consume additional significant time and money on both sides. The need for Plaintiff to receive payment in an expeditious manner and for the parties to resolve their differences is also great.

### 3. Seriousness of Litigation Risks

There are real and serious litigation risks for both sides in this action. Defendant is claiming that Plaintiff was an independent contractor, and as such, is not covered by the FLSA and NYLL. Plaintiff has a different point of view, but one can never predict with great accuracy how a jury will rule. Significantly, the amount that Plaintiff is receiving under the settlement can reasonably be viewed as covering the entire amount of his unpaid overtime wages and maximum liquidated damages even by his calculations – as such, there is little upside from further litigation the potential for considerable downside.

### 4. Arms' Length Dealings

The parties were represented by attorneys who vigorously advocated for their respective clients. Notably, the settlement was mediated by Magistrate-Judge Freeman after hearing from both sides.

### 5. Attorney's Fees

Under the settlement, Plaintiff's counsel is receiving a reduced 1/3 fee of $4,410 after reimbursement of $518 in costs. (Ex. 1 ¶ 2(c))[1].

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

Here, the hourly fees based on the attached time records (Ex. 2), are $17,454 at the retainer rate of $600/hr for 29.09hrs or $ $13,092 at a reduced rate of $450/hr. See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

However, plaintiff's counsel has agreed to take less than a 1/3 fee in order to facilitate settlement. Plaintiff's counsel has received similar or higher contingency fee in other cases. See i.e. *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000).

We respectfully ask that this Honorable Court approve the accepted offer of judgement in this action as fair and reasonable.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:   Defense Counsel via ECF**

---

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.