## SETTLEMENT AGREEMENT AND RELEASE

K D G Contractor Corporation ("Defendant"), and Igor Agaronov ("Agaronov"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

   a. "Plaintiff" shall be defined as Igor Agaronov.

   b. Plaintiff Igor Agaronov was employed by Defendant K D G Contractor Corporation.

   c. "Defendant" shall be defined as K D G Contractor Corporation.

   d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on January 8, 2018, in the United States District Court, Southern District of New York, with Civil Action #: 18-CV-00129 (RJS)(DCF).

2. **Consideration**.  In consideration for Mr. Agaronov's signing this Agreement and of the claims released herein, Defendant K D G Contractor Corporation agrees to make the following payments:

   a. A check made payable to "Igor Agaronov" in the amount of Eight Thousand, Eight Hundred and Twenty-Two Dollars ($8,822), to be reported on an IRS Form 1099-MISC; *I.A.*

   b. A check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Four Thousand, Nine Hundred and Twenty-Eight Dollars ($4,928), representing a 1/3 contingency fee ($4,410), plus costs ($518), to be reported on an IRS Form 1099. *I.A.*

   c. The payments above shall be sent to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427 no later than 10 days after the Court's approval of the instant settlement.

   d. If there is a default in making the payments herein, Plaintiff or his counsel, will give Defendant **K D G Contractor Corporation**, written notice of said default, by sending a notice of default by fax and email to Defendant's' attorneys **Mr. Martin Restituyo, Esq.** Defendant will have seven (7) days from receipt of such notice to cure the default. If Defendant does not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **K D G Contractor Corporation and Daniel Gonzalez, individually and jointly**, in the amount of Twenty Thousand Dollars ($20,000) less any monies paid by Defendant at the time of default. The

Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant and Defendant's heirs executors, officers, shareholders, members, administrators, successors, and assigns from all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bond, bill, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or admiralty that Plaintiff, his heirs, executors, administrators, successors, members and assigns ever had as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Equal Pay Act of 1963;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Family & Medical Leave Act of 1993, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The New York State Executive Law § 296, the New York Human Rights law, as amended;
- The New York City Administrative Code;
- The New York Labor Law, as amended;
- The New York State Minimum Wage Law, as amended;
- The New York State Worker Adjustment and Retraining Notification Act;
- New York Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim, as amended;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Claimants waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasees identified in this Agreement is a party.

5. **Acknowledgments and Affirmations**. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Agaronov was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Agaronov is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**IGOR AGARONOV**

By: _[signature]_

Date: _6-20-16_

**DEFENDANT:**

**K D G CONTRACTOR CORPORATION**

By: _____

Print Name _____

Title _____

Date: _____